calendar 24-2609, Lensendro v. Keybank. And Mr. Lensendro, I see that you are present here with us today. As you probably saw the other lawyers do, feel free to take a second to adjust the microphones, make yourself comfortable. You'll see that there's a little clock at the front of the lectern that tells you how much time, and it'll tick down so you have five minutes, and you have the option if you'd like to hold time for rebuttal, or you could just go ahead and you can do all your talking up front. It's really up to you. I don't see any indication that you want to hold time for rebuttal, so you want to go for it with your five minutes? Yes. Absolutely. That's perfect. So whenever you're comfortable, please go ahead. I'll start. Good morning. Good morning. Okay, so why am I here? I'm here because the district court dismissed my claim, both my initial complaint and my amended complaint. And what the district court found was that in order for me to plead breach of implied contract or breach of contract, I need to show the existence of an actual agreement. Now according to the district court, because I failed to do such, my claim was ultimately dismissed with prejudice. Now I disagree with the district court, so therefore I appeal to you guys. And the reason why I disagreed with the district court is because I feel like the district court overlooked the fact that what was given as consideration was retained. And the fact that... Sir, what did you give as consideration? It was the application, a security instrument. The application is a security. Bill of Exchange accompanied is a security. Would you like me to explain why it's such? Your four minutes. Yeah. Whatever you think is most helpful to the court. Okay. Well, under the Federal Reserve Act, it's recognized as a security instrument. And the congressional record, page 79 to 83, which I cited in my reply brief, goes more into detail. I won't go into too much detail because it's in my brief. But also, under the Securities Act, it also says a security, 15 U.S.C. 77 B.A. 1, is any instrument commonly known as a security. Under the Federal Reserve Act, such instrument is recognized as a security. So that was the consideration which was given with the offer. Now, the court did not take into account the fact that conduct may manifest dissent. And in my case, it did because the offeree retained consideration, and therefore, they became bound to the terms of the offer. That's what's explicitly stated in Section 69 of Restatement of Contracts. Now, in counsel's reply brief, he mentions three reasons why he sides with the district court. One, the interest rate, excuse me, the terms were not definite and certain because the interest rate was missing. Second, the cases which I mentioned in my original brief dealt with the sale of goods. And finally, KeyBank did not mean to be bound, KeyBank did not show an intent to be bound to what was offered because they did not respond. Now, I want to start with the last one because I believe they're all fairly short-sighted. But let's start with the last one. The last one, KeyBank did not show an intent to be bound because they did not issue me back a response. And I want to take a look back at one of the cases cited in counsel's reply brief, which is Martin V. Todd. And this is what the court says explicitly, verbatim. In Connecticut, we apply the objective theory of contracts, meaning we don't look at what a party meant to do or what a party thought of internally, but we look at their manifested intent as expressed by their words, as expressed by their words or conduct. And on that, the other party, myself, has the right to proceed. Now, I gave that consideration with expectations and they were explicitly stated, it was explicitly stated why it was being given. But that consideration was not used for that purpose. And again, as we go back to restatement section 69, when that is done, the offeree becomes bound to the terms. I also cited multiple cases from this circuit, just one case from this circuit, actually, but other cases from Massachusetts, the US Supreme Court, the lower district court, as well as Kansas. And what all these authorities have in common, the theme, I'm going to say theme, I know it's not a story, I'm going to say theme because it's easier for me, the theme of those stories is that when the offeree retains a consideration given with the offer, they become bound to the offer. Now, the other thing, the interest rate was missing, so therefore, the terms, it was not an enforceable contract because the interest rate was missing. And to that, I want to take a look at, I want to take us back to another case cited by counsel in his brief, which is Hawley versus Russo. And again, this is what the court said verbatim, whether or not a term is relevant to the case depends on the particularity of the case. Now, in this case, the Equal Credit Opportunity Act mandates that KeyBank reaches out if it deems the application is, in fact, incomplete, but again, they did not do such a thing, which makes a reasonable person can only infer that such terms are not necessary. And finally, counsel says that the cases I mentioned in my original brief don't apply to the sale of goods. And again, that's a bit short-sighted because that's not what the cases were about. Even though it dealt with the sale of goods, it dealt with what happens when an offeree retains a consideration which is given with the offer and what liability they incur. And finally, to the extent that counsel says that this was not a, my transaction was not a sale, it was a sale because under the Securities Act, it mentions that any and every disposition of a security is, in fact, a sale. And lastly, and the law presumes it to have been offered and sold for its value. That's everything.  Thank you very much, Mr. Lincendro. We will hear from counsel for the Applee Attorney, as I said, Kara Mousis. Very good, Your Honor. Thank you. Good morning. Andrew Kara Mousis with my colleague Pam Reikland for Applee KeyBank National Association. Your Honors, in short, appellant's claim is preposterous and this appeal is frivolous. As the district court properly held, the amended complaint failed to state a claim for breach of contract. There was no meeting of the minds. This is all textbook hornbook law, Your Honor. No meeting of the minds, no definite material terms, no mutual assent of the parties, no consideration, and no signed agreement. Because there was no allegation or the facts alleged did not establish the existence of an actual agreement between the parties, the district court dismissed the initial complaint. They gave the appellant the opportunity to amend. He propounded an amendment, and once again, the district court reviewed it. The amendment was minimal. It just added a few sentences regarding the appellant sent a letter to KeyBank saying, if I don't hear back from you in three days, these instructions are deemed accepted. A unilateral letter from the appellant. The district court reviewed it again and said, this claim does not allege an actual breach of contract. They deemed the amendment, they dismissed the amended complaint with prejudice, and they did so because they deemed that any amendment would be futile. Now, the appellant's entire theory is based upon two fundamental misassumptions. One's factual, and one's legal. The factual one is very simple. This bill of exchange that he claims is consideration is nothing more than a one-page, self-serving document that has no legal significance whatsoever and isn't worth the paper it's written on. In fact, if you review it, it's contradictory. It says, I'm tendering a bill of exchange for 125,000, but then the writing is 150,000. Regardless, you don't even have to get to that because this document, whatever it purports to be, is not a secured instrument. The point that I was making in our papers and appellant raised is, this isn't a situation of sale of goods. In appellant's opening brief, I think he cited, made reference to goods, property, or chattels 68 times. This document has nothing to do with property, goods, or chattel. It is a meaningless, worthless piece of paper. And we are in the financial and commercial capital of the United States, if not the world. To look at plaintiff's theory here, which the court described as an indisputably, totally meritless legal theory, would be to turn our system of banking on its head. He literally sent in a letter with this document and said, here, I'm going to pay you $150,000. And because KeyBank didn't respond to this ridiculous letter, or whatever it was, he now deems that as a scent, quite frankly, it's not what it was. They disregarded something that had no substance, no meaning, and was not even a legitimate loan application. The legal misassumption flows from what I just talked about. This bill of exchange was not a security instrument. The legal misassumption is that because KeyBank didn't, quote, timely object, they somehow assented to the appellant's claims. Again, those two fundamental misassumptions invalidate plaintiff's claim. The other thing, your honors, is he mentioned an ACOA claim. There was no such claim. Just made reference to it. The district court didn't even bother to address that. So there is no ACOA claim. The fact of the matter, your honors, is that this gentleman is a serial litigant in the federal courts. He has at least eight other cases in the district courts alleging similar ridiculous allegations. There's a petition for writ of mandamus before the second circuit now, in one of his matters, which is Lansandro versus Experian. He is flooding the courts with, I don't know where these legal theories come from. I give him credit for being able to read cases and cite them, but they're totally mischaracterized and gross misinterpretations of the law. So for all of those reasons, your honor, we respectfully request that this court affirm the district court's order in all respects and award a bill of costs in favor of Key Bank for having to address this frivolous claim. We also would ask the court to bar appellant from filing any future claims without written court consent in advance. If there are no questions- We have both parties' arguments. We thank you both for coming, and we will take the case under advisement as we did all the other decisions today. At some point in the future, there will be a written decision. So, having completed-